**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION**

PAULA R. FRYER,                                    )
                                                   )
    Plaintiff,                             )        **Case No. 2:11-CV-00151 JTK**
                                                   )
v.                                                 )
                                                   )
MICHAEL J. ASTRUE, Commissioner,                   )
Social Security Administration                     )
    Defendant.                             )

## ORDER AWARDING ATTORNEY'S FEES

On July 16, 2012, the Court entered an Order reversing the decision of the Commissioner and remanding the case for further proceedings. Plaintiff's counsel has filed a motion for attorney's fees and expenses pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. He seeks compensation for seventeen and a half (17.5) hours of work performed at a rate of $175.08 per hour and for expenses in the amount of $23.16. The Commissioner has not responded to the motion.

The Court can determine the reasonableness and accuracy of a fee request, even in the absence of an objection by the Commissioner. *See Decker v. Sullivan*, 976 F.2d 456, 459 (8th Cir. 1992) ("Although the issue was not raised on appeal, fairness to the parties requires an accurately calculated attorney's fee award."). "The district court should ... exclude from [the] fee calculation hours that were not reasonably expended." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983) (internal quotations and citation omitted). "If the preparation time is 'excessive,' the number of compensable hours may be reduced." *McMullen v. Apfel*, 57 F. Supp. 2d 773, 774 (S.D. Iowa 1999).

A review of counsel's itemization indicates that his request should be reduced. For instance, he indicates that it took .5 hours to file the complaint on August 25, 2011, and another

.5 hours to file a brief on April 25, 2012.   "This time is clerical in nature and cannot be compensated under the EAJA." *Mallard v. Astrue*, 10-2173, 2012 WL 3560792, *2 (W.D. Ark. Aug. 17, 2012); *see also Granville House, Inc. v. Dep't of HEW*, 813 F.2d 881, 884 (8th Cir. 1987) (work which could have been completed by support staff is not compensable under the EAJA).   In any event, the second of these entries is exaggerated because Plaintiff's brief appears to have been filed electronically.

Next, counsel's claim that it took 2.6 hours to prepare and file his fee request is also excessive.   The motion for fees and its accompanying documents undoubtedly took very little effort or time to prepare because identical filings are routinely prepared in the course of counsel's practice.   Very few changes needed to be made, and the only truly unique portion was the two-page itemization of the time that was expended.

It is also unlikely that it took .8 hours to prepare and review the letters with summons.   "This is an entirely mechanical procedure. It is doubtful that having all three letters prepared and signed would take .25 hours of attorney time.   Certainly it should not have taken three quarters of an hour." *Bowman v. Sec'y of H.H.S.*, 744 F. Supp. 898, 899 (E.D. Ark. 1989).   This work has also been rejected as clerical work by other courts. *See Mallard*, 2012 WL 3560792.

Finally, it seems unlikely that 8.4 hours were spent in the brief's creation. *See* Doc. No. 18 ("The majority of Fryer's briefing consists of large, boilerplate quotations of the law and cursory conclusions that could easily be rejected out of hand.").

IT IS THEREFORE ORDERED that Plaintiff is awarded attorney's fees in the amount of $2,564.00, together with expenses in the amount of $23.16, for a total of $2,587.16, pursuant to

the EAJA.  The Commissioner is directed to certify said award and pay Plaintiff's attorney in this amount.

SO ORDERED this 30th day of October, 2012.

_____
United States Magistrate Judge